Seyed Alireza Tabatabaei ASL, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70687.
Agency No. A75–735–641.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 25, 2004.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Seyed Alireza Tabatabaei–Asl, Harbor City, CA, pro se.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Richard M. Evans, Michelle R. Slack, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM**

Seyed Alireza Tabatabaei Asl, a native and citizen of Iran, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's adverse credibility determination for substantial evidence, *see Abovian v. INS*, 219 F.3d 972, 977–78 (9th Cir.2000), and we grant the petition for review and remand.

The BIA's adverse credibility determination, based on the perceived inconsistency that petitioner testified he ended his studies at an Iranian university in February 1999, and yet testified that he participated in student demonstrations and a boycott of classes in July 1999, is not supported by substantial evidence in the record. This finding fails to account for evidence in the hearing transcript showing a general confusion regarding conversion of dates in the Iranian calendar to the Gregorian calendar, as well as petitioner's specific testimony that he thought he left the university in February 1999, but he was "a little confused" about that date.

See *Zahedi v. INS,* 222 F.3d 1157, 1166–67 (9th Cir.2000) (noting that minor inconsistencies in dates attributable to language problems have no bearing on credibility). Moreover, minor inconsistencies relating to dates cannot serve as the sole basis for an adverse credibility determination. *See Bandari v. INS,* 227 F.3d 1160, 1166 (9th Cir.2000) (noting that discrepancies in dates "which reveal nothing about an asylum applicant's fear of his safety" cannot form the basis of an adverse credibility finding).

■ Although petitioner was not required to corroborate his testimony, *see Abovian,* 219 F.3d at 978, the BIA's finding that he failed to provide documents corroborating his student status after 1997 is not supported by the record, because the BIA failed to address the Iranian court "Verdict" showing that petitioner was charged with "participation in student demonstrations of 7/9/99," *see Zahedi,* 222 F.3d at 1163–64 (finding Iranian court documents showing petitioner was accused of a crime relating to his political activities "independently make out the objective component of [his] asylum claim.").

Neither the BIA nor the IJ addressed whether petitioner's testimony, if credible, would be sufficient to establish eligibility for the relief he requests. We therefore remand to the BIA for proceedings consistent with this memorandum. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**